IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL R. LUCAS,                                     No. 2:07-CV-01455-NRS

vs.

CLAUDE FINN, WARDEN

ORDER

The Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (habeas petition) now comes before the court for decision. The court dismisses Petitioner's habeas petition.

BACKGROUND

Because the parties are familiar with the factual background of this case, the court highlights here only the events giving rise to the current federal action. Petitioner was convicted in 1982 of first degree murder and sentenced to an indeterminate life sentence. The California Board of Parole Hearings ("BPH") found Petitioner unsuitable for parole in a consideration hearing on February 23, 2006. Petitioner challenges this BPH finding, arguing that the BPH's denial of his parole was not supported by "some evidence" and therefore violated his federal Due Process rights. In a reasoned opinion, the Orange County Superior Court ruled that there was "some evidence" to support the BPH's finding. The California

1  Court of Appeal and the California Supreme Court both summarily denied relief.
2  Petitioner then filed his habeas petition with this federal district court.  The State
3  filed its Answer and the Petitioner filed his Traverse.  On February 26, 2009, the
4  court issued an administrative stay on this case pending the Ninth Circuit's
5  decision in *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).  This
6  court now lifts that stay and decides this matter.

## HABEAS PETITION

In his habeas petition, Petitioner alleged three grounds for habeas relief, which really collapse into one:[1] his Due Process rights were violated when the BPH found him unsuitable for parole in the absence of "some evidence" of future dangerousness.  This argument fails, and the court dismisses Petitioner's habeas petition without prejudice.

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  "[A] federal habeas court may

---

[1] Petitioner argues that the BPH failed to actually consider all the relevant factors, outlined in Cal. Code Regs. tit. 15, § 2402(b), in making its suitability determination.  The extent to which the BPH must consider all these factors is a matter of state law outside the purview of this court's habeas jurisdiction. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991).

not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003) (quoting *Williams v. Taylor*, 529 U.S. 362, 411 (2000)). "Rather, that application must be objectively unreasonable." *Id.* at 76.

For purposes of AEDPA review, this court looks to the last reasoned state court decision as the basis for the state court judgment. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991). The Superior Court's decision constitutes the last reasoned state court decision in this case, as both the Court of Appeal and the California Supreme Court summarily dismissed Petitioner's habeas petition. *Hunter v. Aispuro*, 982 F.2d 344, 347 (9th Cir. 1992). Thus, the Court must determine whether the Superior Court's denial of Petitioner's habeas petition "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A. <u>Whether the BPH's Parole Suitability Finding Warrants Habeas Relief</u>

Petitioner argues that the BPH erroneously found him unsuitable for parole, because it based its decision entirely on the commitment offense and not on whether Petitioner poses a current threat to public safety. The court disagrees.

The Ninth Circuit recently held that "[i]t is . . . our obligation . . . to review the merits of a federal habeas petition brought by a California prisoner who asserts that the decision to deny him parole was not supported by 'some evidence' of his current dangerousness. Under AEDPA, this means that we review 'whether the California judicial decision approving the governor's [or parole board's] decision

1  rejecting parole was an unreasonable application of the California some evidence
2  requirement, or was based on an unreasonable determination of the facts in light of
3  the evidence." *Pearson v. Muntz*, 606 F.3d 606, 611 (9th Cir. 2010) (citing
4  *Hayward v. Marshall*, 603 F.3d 546, 563 (9th Cir. 2010) (en banc) (internal
5  quotation marks omitted)).

6  In *Hayward*, the Ninth Circuit clarified California's "some evidence"
7  standard. "Under California law, denial of parole must be supported by 'some
8  evidence,' but review of the [BPH's] decision is 'extremely deferential."
9  *Hayward*, 603 F.3d at 562 (footnote omitted). "The crucial determinant of whether
10 the prisoner gets parole in California is 'consideration of the public safety." *Id.* at
11 561 (footnote omitted). "Thus, in California, the offense of conviction may be
12 considered, but the consideration must address the determining factor, 'a current
13 threat to public safety.'" *Id.* at 562 (quoting *In re Lawrence*, 190 P.3d 535, 539
14 (Cal. 2008)).

15 The Superior Court's decision was not an unreasonable application of the
16 California "some evidence" standard. The BPH found Petitioner unsuitable for
17 parole based on: (1) the heinous nature of the crime; (2) Petitioner's unstable social
18 and drug abuse history; (3) major stressors in Petitioner's life (i.e., the then-recent
19 deaths of Petitioner's wife and mother) that could induce a retreat into drug abuse;
20 and (4) Petitioner's lack of concrete plans to stay active in drug rehabilitation upon
21 his release. Pet. Exh. C p.56–58, 65; *see also* Pet. Exh. D. p. 2–4. The BPH noted
22 the many positive factors weighing in Petitioner's favor, but concluded that the risk
23 of Petitioner falling back into drugs and the danger that such a relapse posed to
24 society outweighed the positive factors. Pet. Exh. C p. 65. This was not an
25 unreasonable conclusion.
26

Moreover, the BPH's focus on the heinous nature of Petitioner's crime and failure to show remorse and insight into the crime does not doom the BPH's finding. In *In re Shaputis*, 190 P.3d 573, 584 (Cal. 2008), the California Supreme Court held that the nature of the commitment offense may provide "some evidence" of future dangerousness. Specifically, it held that, because the intentional nature of the Petitioner's crime in that case offered insight into the Petitioner's future conduct, it could provide the requisite "some evidence." *Id.* The court distinguished those cases where the commitment offense was an isolated incident that was unlikely to reoccur, in which case focus on the commitment offense would be inappropriate. *Id.* The court also noted that a petitioner's lack of insight into the commitment offense could further provide "some evidence" of future dangerousness to the public. The present case is consistent with *Shaputis*. The BPH found that, while Petitioner's crime was an isolated incident, Petitioner's history of drug abuse during stressful times posed too much of a risk to the public safety to justify parole. Pet. Exh. C p. 60–65; *see also* Pet. Exh. D. p. 2–4. The BPH also found that, while Petitioner had successfully undergone some therapy, his psychologist had noted that Petitioner had not fully come to terms with the crime. Pet. Exh. C p. 65.

Even were the court to disagree with the BPH's finding, the court is bound by its limited review. The California Supreme Court declared:

> [T]he precise manner in which the specified factors relevant to parole suitability are considered and balanced lies within the discretion of the [BPH] . . . It is irrelevant that a court might determine that evidence in the record tending to establish suitability for parole far outweighs evidence demonstrating unsuitability for parole. As long as the [BPH's] decision reflects *due consideration of the specified factors* as applied to the individual prisoner in accordance with applicable legal standards, the court's review is limited to ascertaining whether there is some evidence in the record that supports the [BPH's] decision.

5

*In re Shaputis*, 190 P.3d at 585 (internal quotation marks and citation omitted).

Here, the BPH conducted a detailed hearing, in which it acknowledged both the factors weighing in favor of, and against, a finding of parole suitability. In light of the BPH's thorough hearing and the reasonable considerations of public safety, the court defers to the BPH's finding and the Superior Court's affirmation of it. The court denies Petitioner's claim for habeas relief.

Accordingly, IT IS HEREBY ORDERED that:
Petitioner's habeas petition is dismissed on all grounds without prejudice.

DATED:  **September 8, 2010**

*/s/ N. Randy Smith*

———————————————

Honorable N. Randy Smith
Ninth Circuit Court of Appeals Judge